**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

KIM Y. EDDINGS,                           )
                                          )
      Plaintiff,                      )
                                          )
v.                                        )        Civil Action No. 3:06CV506-HEH
                                          )
SUSAN DEWEY,                              )
Executive Director, Virginia Housing      )
Development Authority                     )
                                          )
      Defendant.                      )

**MEMORANDUM OPINION**
**(Granting Defendant's Motion to Dismiss)**

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  Both parties have filed memoranda of law in

support of their respective positions.  The Court will dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the Court, and

argument would not aid in the decisional process.  For the reasons stated herein, the Court will

grant Defendant's motion.

**I.  Background**

On February 28, 2006, Plaintiff Kim Eddings' housing assistance was terminated by the

Virginia Housing Development Authority ("VHDA"), due to her failure to notify the agency

within thirty days that her husband no longer resided at her residence.  Bringing this action

pursuant to 42 U.S.C. § 1983, Plaintiff claims that the VHDA's decision was arbitrary and

capricious and violated her due process rights afforded under the Fourteenth Amendment to the

Constitution of the United States.  Plaintiff asks the Court to reinstate her benefits until a hearing

takes place that comports with federal law and to award damages in the amount equal to any unpaid rental vouchers.[1]  Defendant argues that Plaintiff's claims lack merit and urges the Court to dismiss all claims.

Plaintiff began receiving rental vouchers in 1994 from the VHDA through the Section 8 Existing Housing Rental Assistance Program ("Section 8"), which is governed by regulations promulgated by the United States Department of Housing and Urban Development ("HUD"). Compl. ¶¶ 6,12.  Plaintiff used her vouchers to rent a home in Richmond, Virginia.  *Id.* ¶ 13. Prior to July 2005, Plaintiff lived in her home with her husband, her four sons, and her mother-in-law.  *Id.*  In July 2005, Plaintiff's husband was incarcerated, receiving a two-year sentence.  *Id.* Plaintiff first notified the VHDA of her husband's absence at her annual recertification appointment with the agency on January 26, 2006.  *Id.* ¶ 14.  The VHDA notified Plaintiff about four days later that her assistance would be terminated effective February 28, 2006, for failing to report the change in her family composition within 30 days of the occurrence.  *Id.* ¶ 15.

Plaintiff requested an informal hearing before a hearing officer on the termination decision, which was held on February 15, 2006.  *Id.*  ¶ 16.  At the hearing, Plaintiff testified that "she thought she only needed to report her husband's incarceration at the annual recertification time."  *Id.*  Plaintiff conceded that she signed the Interim Reporting Requirements form, however, she testified that she was unaware of the reporting requirement and that her failure to report was unintentional.  *Id.*  By a letter dated February 28, 2006, the hearing officer notified Plaintiff that the termination decision would be upheld.  *Id.* ¶ 18.  The hearing officer found that

---

[1]  Plaintiff filed a Motion for Preliminary Injunction on August 25, 2006, which the Court denied.

Plaintiff did not report her husband's absence within the thirty day time period, that Plaintiff admitted signing the Interim Reporting Requirements form, and that she understood the requirement to timely report changes in household composition. *Id.* Plaintiff's benefits ceased on March 31, 2006. *Id.* ¶ 19. This action followed.

## II.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952 (internal quotations omitted).  The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

## III. Analysis

This action was brought under 42 U.S.C. § 1983.  In the first count, Plaintiff relies on rights established by federal housing regulations and in the second and third counts on due process rights granted by the Fourteenth Amendment to the Constitution of the United States. The Court will address Plaintiff's claims as to each set of rights in turn.

Pursuant to Section 8 of the United States Housing Act of 1937, HUD provides public housing agencies, including the VHDA, with funds to "aid[] low-income families in obtaining a

3

decent place to live." 42 U.S.C. § 1437f(a).  HUD has promulgated several regulations relevant

to this case concerning the reporting requirements of Section 8 participants.  As part of a

participant family's obligations, the "family must promptly notify the [public housing agency] if

any family member no longer resides in the unit."  24 C.F.R. § 982.551(h)(3).  Although the

HUD regulations do not define "prompt notification," VHDA rules provide that notification

within thirty days after an occurrence is considered prompt.  If a family fails to give such prompt

notification, the public housing agency "may at any time . . . terminate program assistance for a

participant."  24 C.F.R. § 982.552(c)(1)(i).

The federal regulations give some guidance to public housing agencies when determining

whether to terminate assistance.  Section 982.552(c)(2) provides in pertinent part:

> In determining whether to deny or terminate assistance because of
> action or failure to act by members of the family:
>
> (i) The [public housing agency] may consider all relevant
> circumstances such as the seriousness of the case, the extent of
> participation or culpability of individual family members, mitigating
> circumstances related to the disability of a family member, and the
> effects of denial or termination of assistance on other family members
> who were not involved in the action or failure.

24 C.F.R. § 982.552(c)(2).  Despite § 982.552(c)(2)(i)'s permissive language, Plaintiff argues

that VHDA's decision was arbitrary and capricious because the VHDA failed to consider all

relevant circumstances.  The Court finds Plaintiff's arguments unpersuasive.

Section 982.552(c)(2)(i) sets forth what the agency *may* consider and not what the agency

*must* consider.  The Court finds no inconsistency between the actions of Defendant and the

federal regulations.  When a state agency's action is found to be consistent with federal housing

provisions, "the action should be upheld unless it is found to be arbitrary or capricious."  *Clark v.*

*Alexander*, 85 F.3d 146, 152 (4th Cir. 1996).  The hearing officer affirmed the VHDA's decision

to terminate based on substantial evidence of Plaintiff's violation of federal regulations.  Indeed,

although she claims it was unintentional, Plaintiff admits to the violation.  The hearing officer's

conclusion was reasonable and not inconsistent with federal regulations.

As to Plaintiff's due process claims, Plaintiff argues that the VHDA's decision was

legally insufficient and contrary to VHDA policies. Plaintiff's bases her argument primarily on

the contention that there was no finding that the violation was intentional.  It appears to the Court

that no regulation or policy exists that limits termination of benefits only to intentional

violations. Plaintiff relies on two chapters of the VHDA Operations Manual, which set forth

procedures for unintentional errors and intentional program abuse.  *See* Compl. Exs. 6–7.

Neither of the chapters relied upon, however, prohibits the VHDA from terminating the benefits

of a participant who unintentionally violates federal regulations or VHDA policy.

The Court notes that Plaintiff raises no concerns with respect to the traditional due

process requirements on the termination process articulated in *Goldberg v. Kelly*, 397 U.S. 254

(1970).[2]  Plaintiff had signed the Interim Reporting Requirements form indicating that she

understood her reporting obligations.  Upon becoming aware of a violation, the VHDA made an

_____

[2]

> *Goldberg* places five requirements on the termination process
> employed by a housing authority: (1) timely notice from the housing
> authority stating the basis for the proposed termination, (2) an
> opportunity by the tenant to confront and cross-examine each witness
> relied on by the housing authority, (3) the right of the tenant to be
> represented by counsel, (4) a decision, based solely on evidence
> adduced at the hearing, in which the reasons for the decision are set
> forth, and (5) an impartial decision maker.

*Clark*, 85 F.3d at 150 (citing *Goldberg*, 397 U.S. at 266–71).

initial decision to terminate Plaintiff's benefits.  The VHDA gave Plaintiff timely notice of the

proposed termination and an opportunity to be heard before an impartial hearing officer.  The

hearing officer's finding, on which the VHDA relied, was based on substantial evidence and was

consistent with federal regulations.  Even if VHDA's decision was inconsistent with its internal

policies, no due process concerns are raised based on the undisputed facts in this case.

Accordingly, VHDA's decision to terminate Plaintiff's Section 8 benefits must be afforded

deference.  *See Clark v. Alexander*, 85 F.3d at153; *Ritter v. Cecil County Office of Hous. &*

*Cmty. Dev.*, 33 F.3d 323, 328 (4th Cir. 1994).

### IV.  Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is granted.

An appropriate Order will accompany this Memorandum Opinion.


                                    _____/s/_____
                                              Henry E. Hudson
                                              United States District Judge


ENTERED this __2ⁿᵈ__ day of ____October____.
Richmond, VA